Deborah FAYSON, Plaintiff–Appellant,

v.

KALEIDA HEALTH, INC., David Croston, Director of Clinical Engineering of Kaleida Health, Individually, Defendants–Appellees.

No. 02–9202.

United States Court of Appeals,
Second Circuit.

July 2, 2003.

Deborah Fayson, Buffalo, NY, for Plaintiff–Appellant, pro se.

Robert C. Weissflach, Jaeckle, Fleischmann & Mugel, LLP, Buffalo, NY, for Defendants–Appellees.

PRESENT: STRAUB, POOLER, Circuit Judges, and HURD, District Judge.*

SUMMARY ORDER

Plaintiff–Appellant Deborah Fayson, *pro se*, appeals from the September 21, 2002, judgment of the United States District Court for the Western District of New York (John T. Elfvin, *Judge*) granting summary judgment in favor of Defendants–Appellees Kaleida Health, Inc., and

David Croston. We affirm for substantially the reasons stated by the District Court.

At bottom, the defendants were able to articulate a legitimate, nondiscriminatory reason for the wage disparity and lack of promotion that formed the basis of the bulk of Fayson's employment discrimination claims. The defendants established that the white employees who received higher salaries than Fayson received such salaries because they had held higher previous positions and an employee's pay was scaled relative to prior positions held. The defendants also established that the white male who received a promotion instead of Fayson possessed greater experience. Because Fayson failed to set forth any evidence to show that these non-discriminatory reasons were pretextual, summary judgment was appropriate as to the Title VII claim, *see St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), and the claim under the New York State Human Rights Law, *see Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 98 (2d Cir.2001). Furthermore, because the pay differential was based on circumstances statutorily permitted, summary judgment was appropriate as to the Equal Pay Act claim, *see* 29 U.S.C. § 206(d)(1); *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 524 (2d Cir.1992), and the claim under New York State Labor Law § 194.

Fayson's remaining claims fail because she has not shown: as to retaliation, that she suffered an adverse employment action followed her filing of the EEOC charge, *see Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 66 (2d Cir.1998); and as to hostile work environment, that the conditions of her workplace were "sufficiently severe or pervasive to alter" her employment, *Meri-*

---

* The Honorable David N. Hurd, District Judge of the United States District Court for the Northern District of New York, sitting by designation.

*tor Sav. Bank v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).

Accordingly, the judgment of the District Court is hereby AFFIRMED.